UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NABILA UDDIN,<br><br>                          Plaintiff,<br><br>                    -v.-<br><br>ROCK ARCH & ENG CORP. *a/k/a Rock Architecture P.C.*, MUHAMMED 'MARCO' MAHAYSIN, *individually*, RAMI TAHA, *individually*, and LCS RESTORATION CORP *a/k/a LCS Restoration Group, LLC.*<br><br>                          Defendants. | 21 Civ. 10900 (KPF)<br><br>**ORDER** |

KATHERINE POLK FAILLA, District Judge:

The Court is in receipt of the parties' briefing regarding Defendants' Motion to Dismiss, and the exhibits and affidavits attached thereto, which exhibits include certain LCS Restoration Corp. ("LCS") payroll statements, supporting affidavits from Defendants, and a Rock Arch & Eng Corp. ("Rock") tax return.  (*See* Dkt. #18-22).

"If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.  All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."  Fed R. Civ. P. 12(d).  Where, as here, a court considering a motion to dismiss is "presented with matters outside the pleadings," there are "two options."  *Chambers* v. *Time Warner, Inc.*, 282 F.3d 147, 154 (2d Cir. 2002).  A court "may simply disregard any such submissions and decide the motion to dismiss on the merits of the pleadings alone," or consider the documents, and

convert the motion to dismiss to a motion for summary judgment. *Access 4 All, Inc.* v. *Trump Int'l Hotel & Tower Condo.*, 458 F. Supp. 2d 160, 165 (S.D.N.Y. 2006). To convert a motion, however, a court (i) must be "satisfied that the parties are not taken by surprise or deprived of a reasonable opportunity to contest facts averred outside the pleadings," and (ii) find that "the issues involved are 'discrete and dispositive.'" *Id.* (quoting *AdiPar Ltd.* v. *PLD Int'l Corp.*, No. 01 Civ. 0765 (MBM), 2002 WL 31740622, at *4 (S.D.N.Y. Dec. 4, 2002)). Here, both prongs are met.[1]

As to the first prong, "[w]hen a non-moving party is put on notice by the moving papers of its opponent and submits its own exhibits and affidavits in its response papers, it cannot claim to be caught by surprise." *Access 4 All, Inc.*, 458 F. Supp. 2d at 165. While Plaintiff did not submit her own exhibits and affidavits as part of her opposition, Plaintiff herself proposed converting the motion to one for summary judgment. (*See* Pl. Opp. 6 (Dkt. #26)).

Regarding the second prong, Defendants have put forth evidence that bears directly on a discrete and dispositive issue in this case — namely, whether the single or joint employer doctrine applies to Rock and LCS such

---

[1] While Defendants claim that their exhibits and affidavits are incorporated by reference in the Complaint (and thus that the Court need not convert the motion to one for summary judgment), Plaintiff specifically notes that she "did not reference or rely upon any of Defendants' self-serving affidavits or supporting exhibits in drafting the Amended Complaint" (Pl. Opp. 6; *see also* Def. Reply 13 (Dkt. #28)), and this Court agrees that the documents at issue were neither referenced in nor "integral" to the Complaint. *See Sec. & Exch. Comm'n* v. *Medallion Fin. Corp.*, No. 21 Civ. 11125 (LAK), 2022 WL 3043224, at *1 (S.D.N.Y. Aug. 2, 2022) ("The documents at issue here are not integral to the Amended Complaint because "plaintiff [does not] rel[y] heavily on the document[s'] terms and effect in pleading [its] claims[.]" (quoting *United States ex rel. Foreman* v. *AECOM*, 19 F.4th 85, 107 (2d Cir. 2021) (internal citations omitted))).

that their employees may be aggregated to meet the fifteen-employee threshold under Title VII.  *See, e.g.*, 42 U.S.C. § 2000e(b); *Arculeo* v. *On-Site Sales & Mktg., LLC*, 425 F.3d 193, 198 (2d Cir. 2005) (discussing elements of single-employer doctrine and joint-employer doctrine).  In her amended complaint, Plaintiff maintains that, "[a]t all times material, Defendant LCS was paying Plaintiff's wages, while she primarily worked on projects for Rock Arch" (Am. Compl. ¶ 96 (Dkt. #13)), facts potentially contradicted by the exhibits and affidavits to Defendants' motion (*see, e.g.*, Dkt. #20-4 (Rock Tax Return); Dkt. #20-8 (LCS Payroll Records)).  These exhibits speak Plaintiff's ability *vel non* to meet the fifteen-person threshold under Title VII, which in turn speaks to the Court's jurisdiction to hear Plaintiff's case.  If that threshold is not met and the Title VII claims must be dismissed on that basis, the Court may well elect to decline supplemental jurisdiction over the state-law claims.

Accordingly, the Court has decided to consider the documents relevant to Title VII's fifteen-employee requirement and converts the motion to dismiss into a motion for partial summary judgment.  *See* Fed. R. Civ. P. 12(d); *Timperio* v. *Bronx-Lebanon Hosp. Ctr.*, 384 F. Supp. 3d 425, 430 (S.D.N.Y. 2019) ("[f]ederal courts have complete discretion to determine whether … to convert [a] motion [to dismiss] to one for summary judgment" (internal quotation marks and citations omitted)).  Further, in order to give all parties "a reasonable opportunity to present all the material that is pertinent to the motion," limited discovery is needed to resolve the motion.  *See* Fed. R. Civ. P. 12(d).

3

The parties are directed to meet and confer and provide the Court with a joint letter on or before **December 22, 2022,** that proposes a schedule for limited discovery on the related issues of (i) the number of employees at each of Rock and LCS during the relevant time period, and (ii) whether those entities were sufficiently integrated as to constitute a single or joint employer for purposes of Title VII's fifteen-employee requirement.  The letter shall also include a proposed schedule for supplemental briefing.

The Court hereby STAYS this case pending further order of the Court.

SO ORDERED.

Dated:   December 12, 2022
         New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge