UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NABILA UDDIN,

                Plaintiff,

-v.-

ROCK ARCH & ENG CORP. *a/k/a Rock Architecture P.C.*, MUHAMMED 'MARCO' MAHAYSIN, *individually*, RAMI TAHA, *individually*, and LCS RESTORATION CORP *a/k/a LCS Restoration Group, LLC.*

                Defendants.

21 Civ. 10900 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

    Plaintiff initiated this action by filing a complaint on December 20, 2021. (Dkt. #1). Following a pre-motion conference before this Court on April 14, 2022, Plaintiff filed an amended complaint on May 6, 2022. (Dkt. #13). On June 3, 2022, Defendants filed a joint motion to dismiss and motion for remand. (Dkt. #18-23). Plaintiff filed her opposition brief on July 6, 2022 (Dkt. #26), and Defendants filed their reply brief on July 21, 2022 (Dkt. #28). On December 12, 2022, the Court issued an Order converting the motion to dismiss into a motion for partial summary judgment and ordering the parties to conduct limited discovery on issues related to this Court's jurisdictional authority under Title VII, 42 U.S.C. § 2000(e). (Dkt. #29). In response, the parties filed a joint letter on December 22, 2022, requesting leave to file a proposed stipulation and order resolving Defendants' pending motion (Dkt. #30), which the Court granted on the same day (Dkt. #31). The parties filed a stipulation and proposed order on January 5, 2023, in which they agreed to

dismiss Plaintiff's federal causes of action and requested that the Court remand the remaining state causes of action to New York State Supreme Court, County of Queens. (Dkt. #32). That same day, the Court entered an Order approving the stipulation and noting that Plaintiff's federal causes of action arising under Title VII were dismissed with prejudice and that the parties would bear their own attorney's fees and costs in connection with the litigation. (Dkt. #33-34). Finding that the Court no longer had original jurisdiction over the matter, and in light of the early stage of the litigation, the Court declined to exercise supplemental jurisdiction and remanded the case to New York State Supreme Court, County of Queens. (*Id.*)

Upon further reflection, the Court recognizes that it lacked the authority to remand the case because the case was initially filed in federal court, not state court. Indeed, "federal tribunals lack authority to remand to the state court system an action initiated in federal court." *Joseph* v. *Hyman*, 659 F.3d 215, 220 n.3 (2d Cir. 2011) (quoting *Levin* v. *Commerce Energy, Inc.*, 560 U.S. 413, 428 (2010)); *see also Schiffman* v. *Epstein*, No. 04 Civ. 2661 (SCR)(LMS), 2009 WL 1787760, at *5 (S.D.N.Y. June 23, 2009) ("[t]he power of a federal district court to remand a case to state court, … is limited to instances where an action is commenced in state court and subsequently removed to federal court"). Accordingly, the Court VACATES the orders at docket numbers 33 and 34 as to the remand decision only, and dismisses the state claims without prejudice as to their refiling in state court.

For the avoidance of doubt, the Court reiterates that the Parties' stipulation is approved, and that Plaintiff's federal causes of action arising under Title VII are dismissed with prejudice and all parties shall bear their own attorney's fees and costs in connection with Plaintiff's dismissed Title VII claims. Having found that the Court no longer has original jurisdiction over this matter, and given the early stage of the litigation, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining causes of action arising under New York State and City Law, and dismisses those claims without prejudice to refiling in state court. *See* 28 U.S.C. § 1367(c)(3) ([t]he district courts may decline to exercise supplemental jurisdiction … if … (3) the district court has dismissed all claims over which it has original jurisdiction"); *cf. Valencia ex rel. Franco* v. *Lee*, 316 F.3d 299, 306, 308 (2d Cir. 2003) (finding that the district court's exercise of supplemental jurisdiction over state law claims where federal claims had been dismissed at an early stage of the litigation was an abuse of discretion).

The Clerk of Court is directed to terminate all pending motions, adjourn all remaining dates, and close this case.

SO ORDERED.

Dated: January 19, 2023
New York, New York

*[signature: Katherine Polk Failla]*

KATHERINE POLK FAILLA
United States District Judge